### In re BARNETT FEED YARDS, INC., Bankrupt.

### Bankruptcy No. B–75–812 M R.

United States Bankruptcy Court,
D. New Mexico.

Sept. 22, 1982.

Walter L. Reardon, Jr., Albuquerque, N.M., trustee.

S.B. Christy IV, Roswell, N.M., for First Interstate Bank of Roswell.

James C. Hall, Albuquerque, N.M., for the Federal Land Bank of Wichita.

Charles Durrett, Alamogordo, N.M., for bankrupt.

B.R. Baldock, Roswell, N.M., for Smith Machinery Co.

Gordon Gay, pro se.

## MEMORANDUM OPINION

MARK B. McFEELEY, Bankruptcy Judge.

This matter came before the Court on the petition of First Interstate Bank of Roswell (First Interstate), formerly Roswell State Bank, for determination of priority and application for payment of priority claim. The petition is opposed by the Federal Land Bank of Wichita (Land Bank), which claims a valid first mortgage on the property on which First Interstate claims a priority. The Land Bank asserts that it had no notice of the proceedings which authorized the receiver and trustee to borrow money and issue certificates of indebtedness which granted priority over then-existing secured and unsecured obligations. This lack of notice and the harm done to the Land Bank's property rights combine, the Land Bank urges, to create an unconstitutional impairment of its rights under its lien on the bankrupt's property.

This proceeding began on June 16, 1975, as a chapter X proceeding under the Bankruptcy Act. On June 19, 1975, the receiver was authorized by the United States District Court for the District of New Mexico to maintain a line of credit not to exceed $150,000.00 with First Interstate. The Court ordered the indebtedness to be evidenced by certificates of indebtedness which the Court granted priority over all then-existing obligations of the bankrupt. One such obligation of the bankrupt was to the Land Bank, which held a valid mortgage on the property of the bankrupt. The mortgage secured a promissory note in the amount of $370,000.00. In the same order which authorized the indebtedness and priority, the District Court specifically found that no notice needed to be given and that no adverse interests appeared. This finding gained significance when, upon later appli-

cation to the Court for authority to borrow money and purchase assets, the bankruptcy referee deferred to the District Court's finding. The bankruptcy judge continued to find no need for notice on all succeeding occasions when the trustee petitioned for approval to borrow money and issue priority certificates of indebtedness. Of the total amount loaned, a principal balance of $268,018.13 remained, plus accrued interest of $85,839.23, at the time of the hearing on this petition by First Interstate. This Court ordered a partial disbursement of $150,000.00 to First Interstate at the hearing, which leaves a balance of $203,857.36 plus interest which has accrued on the principal balance since that time. The trustee, after the partial disbursement, retains approximately $180,000.00, First Interstate's right to which is disputed by the Land Bank.

The June 19, 1975, order of the District Court clearly indicates that at least the first $150,000.00 line of credit was to take priority over all then-existing claims, including that of the Land Bank. Subsequent Bankruptcy Court orders granted this priority to later loans made by First Interstate. It is equally clear that both courts had the power to grant such priority, when necessary, even over objection. *Melniker v. Lehman (In re 3rd Ave. Transit Corp.),* 198 F.2d 703 (2d Cir.1952); *First Nat'l Bank of Chicago v. Prima Co. (In re Prima Co.),* 88 F.2d 785 (7th Cir.1937). We are most hesitant to disturb the judgments of the courts at this late date to re-examine for such necessity. The ability of present trustees to borrow money would be severely impeded if such decisions were not upheld by later courts. There is no evidence that the courts were not justified in finding that the priorities were necessary and we will not reverse those findings now.

We are left with this issue of lack of notice which, the Land Bank urges, requires this Court to reinstate the Land Bank's priority since the Land Bank was never noticed and thus wasn't present to protect its priority itself. Although this Court would be tempted to find in the first in-

stance that notice was in fact necessary, particularly with respect to the certificates issued as the result of orders entered on June 23, 1975, on May 26, 1976, on July 6, 1976, on May 4, 1977, on May 31, 1977, and on August 5, 1977, and with respect to the security agreement filed as a result of the order entered on August 31, 1977, we do not feel that it is the prerogative of this Court to review orders of the District Court or orders issued by a bankruptcy court pursuant to an order of the District Court. In our system that is more properly left for the Court of Appeals.

Accordingly, we find that the debt owed to First Interstate as a result of the certificates of indebtedness issued by the trustee and the financing statement authorized by the Bankruptcy Court order of August 31, 1977, has priority over other secured and unsecured claims as a secured claim. To the extent that the trustee has funds available to pay First Interstate's claim, he should do so.

An appropriate order shall enter.